```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

JOHN C. WELLS, III,            )
                               )
      Plaintiff                )
                               )      No. 3:14-1913
v.                             )      Judge Campbell/Bryant
                               )      **Jury Demand**
DERRICK SCHOFIELD,             )
                               )
      Defendant                )
```

**TO:   THE HONORABLE TODD J. CAMPBELL**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff John C. Wells, III, a prisoner proceeding *pro se* and *in forma pauperis*, has filed his motion for restraining order and preliminary injunction (Docket Entry No. 4). In his motion, Wells seeks to enjoin Defendant Derrick Schofield, Commissioner of the Tennessee Department of Correction ("TDOC), from: (1) allegedly abandoning the prior TDOC classification system in favor of transfers calculated to impose uniform racial quotas throughout all TDOC prisons; (2) continuing the Tier Management System at Northeast Correction Complex ("NECX") and other TDOC prisons on grounds that this system allegedly inflicts cruel and unusual punishment upon inmates, including Plaintiff, and subjects inmates to "a clear and imminent threat of death by fire to inmates confined within their cells;" (4) exceeding an inmate population of 137.5% of designed capacity in TDOC prisons; (5) illegally destroying government records and filing false reports to the

Governor and the State Legislature; and (6) from taking any form of retaliatory action, including retaliatory transfers, against Plaintiff. The Defendant has not responded in opposition.

**ANALYSIS**

A district court considering a motion for preliminary injunction must balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Michigan Catholic Conference and Catholic Family Svcs. v. Burwell*, 755 F.3d 372, 382 (6th Cir. 2014) (*citing City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014)). The party seeking a preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

At the outset, it appears to the undersigned Magistrate Judge that the injunctive relief that Plaintiff Wells seeks is directed to administrative decisions of officials within the Tennessee Department of Correction, and that the actions that Plaintiff seeks to enjoin tend to affect all inmates within the state prison system generally as distinguished from Plaintiff Wells

2

in particular. The general rule is that a *pro se* prisoner may not bring a class action concerning conditions of confinement at a prison. *Dean v. Blanchard*, 865 F.2d 257, 1988 WL 130851 (6th Cir. 1988) (unpublished) (*citing Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Therefore, to the extent that Plaintiff Wells in this case, and in this motion for preliminary injunction, seeks to represent the interests of other inmates, he lacks the standing to do so.

In addition, courts owe substantial deference to the professional judgment of prison administrators. *Beard v. Banks*, 548 U.S. 521 (2006); *Adkins v. Woleder*, 692 F.3d 499 (6th Cir. 2012). Therefore, in matters of prison operations, a federal court should not, absent substantial evidence, substitute its judgment for that of a prison administrator. *Beasley v. Konteh*, 433 F.Supp.2d 874 (N.D. Ohio 2006).

<u>Transfers to Achieve Racial Quotas</u>. As mentioned above, Plaintiff Wells seeks an injunction prohibiting Defendant Schofield from transferring prisoners in order to achieve a uniform racial balance within TDOC's prisons. However, the Supreme Court has held that a prisoner does not have a constitutional right to be placed in any particular prison. *Meachum v. Fano*, 427 U.S. 215 (1996). Therefore, neither Plaintiff Wells nor any other inmate has a constitutionally protected interest against being transferred by

3

TDOC to another prison facility. Here, in fact, Plaintiff Wells has not been transferred from NECX nor does he allege any plans to do so. Instead, he generally argues by implication that transfers of African-American inmates to NECX will result in increased violence within that facility. From these arguments, the undersigned Magistrate Judge finds that Plaintiff Wells has not demonstrated a strong likelihood of success on the merits with this claim, nor has he demonstrated a probability that he will suffer irreparable injury if the Defendant is not enjoined from such alleged transfers based upon racial considerations.

<u>Objections to the Tier Management System</u>. Plaintiff alleges that the Tier Management System was implemented at NECX on June 9, 2014. He asserts that the Defendant should be enjoined from continuing to implement this system because it increases the number of hours the Plaintiff is confined to his cell each day, which Plaintiff alleges constitutes cruel and unusual punishment under the Eighth Amendment. Plaintiff also alleges that the Tier Management System, as implemented, has reduced NECX to a "fire trap," because Plaintiff believes that the locks to cell doors are no longer connected to a central control and that if a fire were to occur corrections officers would not be able to unlock each individual cell quickly and evacuate the facility safely.

Only those deprivations denying the minimum civilized measure of life's necessities are sufficiently grave to form the basis of a violation of a prisoner's Eighth Amendment rights. *Maston v. Montgomery County Jail Medical Staff Personnel*, 832 F.Supp.2d 846 (S.D. Ohio 2011). In addition, the Eighth Amendment objective requirement that a prisoner not be incarcerated under conditions posing substantial risk of serious harm must be based upon more than a prisoner's subjective fear. *Browning v. Pennerton*, 633 F.Supp.2nd 415 (E.D. KY 2009).

In light of the deference granted to prison administrators to operate prisons, the undersigned Magistrate Judge finds that Plaintiff Wells cannot demonstrate a strong likelihood of success on the merits with respect to his objections to the Tier Management System that has been implemented at NECX. Plaintiff concedes that under the current management system he is allowed out of his cell for at least five hours each day (Docket Entry No. 4 at 4). The undersigned finds that this fails to establish a strong likelihood that Plaintiff can prevail on the merits of an Eighth Amendment claim based on hours of confinement. Similarly, the undersigned Magistrate Judge finds that Plaintiff's subjective fear of injury or death if a fire were to occur is insufficient to demonstrate a strong likelihood of success on the merits or a

showing of irreparable injury to Plaintiff Wells if the requested preliminary injunction is not granted.

Alleged Overpopulation. Plaintiff Wells alleges that the prisons operated by TDOC are currently housing significantly more prisoners than these facilities were originally designed to accommodate. Plaintiff asserts that such overcrowding causes an increase of violence within prisons, resulting in "immediate and irreparable loss, damage, and injury to the plaintiff and all other similarly situated inmates" (Docket Entry No. 4 at 9). Plaintiff seeks a preliminary injunction prohibiting Defendant Schofield from operating any Tennessee prison at a population level exceeding 137.5% of design capacity, relying upon the authority of *Brown v. Plata*, 563 U.S. 493 (2011).

Contrary to Plaintiff's implied arguments, the Supreme Court did not establish any particular percentage of overpopulation as a permissible limit under the Eighth Amendment. Rather, as the *Plata* opinion reveals, the percentage of design capacity approved in this decision was based upon expert testimony concerning specific factors that existed within certain California correctional facilities housing plaintiff Plata.

The Supreme Court has held that prison overcrowding, by itself, does not constitute a constitutional violation, and that

6

the Constitution does not mandate prisons where inmates are totally free of discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

Here, Plaintiff Wells argues that failure to enjoin Defendant from continuing current housing arrangements at NECX "will result in immediate and irreparable loss, damage, and injury to the Plaintiff and all other similarly situated inmates" (Docket Entry No. 4 at 9). Despite this claim, Plaintiff Wells suggests no particular threat directed at him as distinguished from any other inmate confined in the facility. Therefore, the undersigned Magistrate Judge finds that Plaintiff's claim of immediate and irreparable injury if a preliminary injunction is not issued is capricious. Moreover, the undersigned finds that Plaintiff has failed to show a strong likelihood of his success on the merits of this claim.

Destruction of Records. Plaintiff seeks a preliminary injunction to prohibit Defendant Schofield and his agents from destroying records of violent incidents within the prison system in furtherance of an alleged attempt to minimize and understate the level of violence in TDOC prisons. As in other claims, Plaintiff alleges that failure to issue a preliminary injunction will result in immediate and irreparable loss to the Plaintiff "and all other similarly situated inmates." In the absence of any allegation of immediate, specific threat to Plaintiff Wells, the undersigned

7

finds that Plaintiff fails to make a showing of irreparable injury if a preliminary injunction is not issued.

Retaliatory Action. Plaintiff Wells finally seeks a preliminary injunction prohibiting Defendant Schofield and his agents from taking any retaliatory action against Plaintiff for raising claims in this lawsuit. Plaintiff fails to allege that any such retaliatory action has been taken or threatened against him. In the absence of such immediate threat, the undersigned finds that Plaintiff Wells has failed to demonstrate that he would suffer any irreparable injuries in the absence of issuance of the preliminary injunction he seeks.

For the reasons stated above, the undersigned Magistrate Judge finds that Plaintiff's motion for restraining order and preliminary injunction lacks merit and should be denied.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Plaintiff's motion for restraining order and preliminary injunction (Docket Entry No. 4) be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed

in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of September, 2015.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge